# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

ROBIN KLOTZ,

                                        Plaintiff,

              -vs-                                      DECISION AND ORDER

XEROX CORPORATION; SHPS, INC.; SHPS                    07-CV-6545-CJS
HUMAN RESOURCE SOLUTIONS, INC.; SHPS
HEALTH MANAGEMENT SOLUTIONS, INC.;
THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

                                        Defendants.

## APPEARANCES

For Plaintiff:                          Samuel E. Kramer, Esq.
                                        225 Broadway
                                        Suite 3300
                                        New York, NY 10007
                                        (212) 285-2290


For Defendants:                         Margaret A. Clemens, Esq.
                                        Nixon Peabody LLP
                                        Clinton Square
                                        P.O. Box 31051
                                        Rochester, NY 14603-1051
                                        (585) 263-1453

                                        Richard J. Pautler, Esq.
                                        Thompson Coburg, Esq.
                                        1 US Bank Plaza
                                        Suite 3100
                                        St. Louis, MO 63101-1693
                                        (314) 552-6000

## INTRODUCTION

This Employee Retirement Income Security Act ("ERISA") case is before the Court on Defendants' motion for summary judgment. Defendants contend that Plaintiff has failed to exhaust administrative remedies and is, therefore, precluded from suing. For the reasons that follow, the Court grants Defendants' application.

## BACKGROUND

As indicated above, Defendants are Xerox Corporation ("Xerox"), SHPS, Inc., SHPS Human Resources Solutions, Inc., SHPS Health Management Solutions, Inc. ("SHPS") and The Prudential Insurance Company of America. Defendants have moved for summary judgment claiming that Plaintiff failed to exhaust her administrative remedies before bringing the present lawsuit, and, therefore, they are entitled to dismissal. As to the application, the following facts are viewed in a light most favorable to Plaintiff.

In July 1992 Plaintiff Robin Klotz ("Klotz") was an employee of Xerox Corporation. (Compl. ¶ 11.) Klotz's last day at work was July 20, 1992. (Compl. ¶ 11.) As a Xerox employee, Klotz was a participant in the Xerox Long Term Disability Income Plan ("LTD Plan"). In 2005, SHPS served as claims administrator for the LTD Plan. (Compl. ¶ 16.)

On March 8, 2005, SHPS wrote a letter to Klotz and advised that it had attempted to contact her by telephone without success. Included in the correspondence was the following sentence, "Please give me a call at your earliest convenience at (800) 438-3501 extension 24363 so that I can talk to you about your disability and complete the disability case management process to avoid interruption of your disability payment." (Adm. Rec. 131.) Enclosed with the March 8, 2005 letter was a "Patient Authorization" to be completed

and signed by Klotz. (Adm. Rec. 130.) Both the March 8, 2005, letter and the "Patient Authorization" were addressed to: Robin B. Klotz, 405 East 56th Street #6-A, New York, NY 10022. (Adm. Rec. 130.)

On March 29, 2005, SHPS sent a letter entitled, "STATEMENT OF NON-AUTHORIZATION," to Klotz advising her that her disability benefits were being terminated because "[w]e have made several attempts to contact you without success." (Docket No. 20-4 at 126.) The March 29, 2005 letter was again addressed to: Robin B. Klotz,405 East 56th Street #6-A, New York, NY 10022. (Adm. Rec. 126.) In its March 29, 2005, letter, SHPS included the following language:

> You have the right to appeal this decision in accordance with the procedures required by the Employee Retirement Income Security Act of 1974 (ERISA). If you wish to request reconsideration of your claim, you or your representative must submit a written appeal for reconsideration of the claim to the SHPS Professional Services Coordinator within 180 days of the denial.

(Docket No. 20-4 at 126.) On April 6, 2005, SHPS received the completed and signed Patient Authorization that had been enclosed with the March 8, 2005 letter. (Docket No. 20-4 at 128.)

By letter dated December 30, 2005, Mark Scherzer, Esq. ("Scherzer") sent correspondence to SHPS in which he indicated that he was representing Klotz on her benefit claim. (Adm. Rec. 118-19.) Scherzer also sent a letter dated February 13, 2006, to SHPS, stating, *inter alia*:

> This firm represents Ms. Robin Klotz, a disabled employee of Xerox Corporation whose identifying information is set forth above. Her authorization for you to deal with us as her attorneys is enclosed. I am writing to demand that Ms. Klotz's long term disability benefits, to which she has been entitled since 1995 and which were suspended without justification, notice, or any opportunity for review, be reinstated immediately, retroactive

> to April, 2005…. If benefits are not immediately and retroactively reinstated, Ms. Klotz intends to pursue all legal remedies available to her.

(Mark Scherzer letter to SHPS (Dec. 30, 2005), at 1-2.) On March 3, 2006, SHPS wrote to Klotz, indicating:

> Xerox Corporation believes that you are beyond the time period to appeal, but has nevertheless agreed to allow you to appeal the nonauthorization of your Long Term Disability. In doing so, it is not waiving its claim that you did not file a timely appeal.
>
> If you wish to request an appeal of your disability claim, you or your representative must submit a written appeal request to the SHPS RN Case Manager. Please forward to SHPS any clinical information, including related hospital records, physician office notes, consulting physician office notes and results of all related diagnostic testing (*e.g.* lab results, imaging studies) that relate specifically to your specific disabling diagnosis. The records should include any information that would assist SHPS in making a determination whether you were disabled under the terms of the Plan as of April 2005. This will insure that all relevant date is reviewed as part of this claim determination.

(Docket No. 20-4 at 98.) By email, also dated March 3, 2006, Klotz's attorney, Scherzer, asked SHPS to "specify a deadline for the appeal to be submitted." (Docket No. 20-4 at 96.) In response, by email dated March 6, 2006, SHPS advised Scherzer that the deadline for submitting the administrative appeal was 60 days from the date of the March 3, 2006, notification letter. (*Id.*)

On March 29, 2006, Scherzer sent SHPS a letter in which he wrote, "I submit this letter as Ms. Klotz's appeal of your termination of her long term disability claim…[which] was improperly and unjustly terminated and that her other rights under ERISA were violated when she was not notified that her claim had been terminated…." (Docket No. 20-

4 at 60.) However, SHPS denied Scherzer's request, which it considered a first administrative appeal. (Docket No. 20-4 at 47-48.)[1]

Subsequently, SHPS's sent *two* letters, both dated May 10, 2006, to, "Robin B. Klotz, 405 East 56th Street #6-A, New York, NY 10022," advising her that the administrative appeal was denied. One, consisting of two pages, included the  following language:

> You have the right to a final appeal. If you wish to request reconsideration of your claim, you or your authorized representative must submit a written appeal for reconsideration of the claim to the SHPS Disability Team within 60 days of receipt of this denial. You have the right to purse a civil action under Section 502(a) of ERISA once you have exhausted your administrative appeals. If you wish to make a final appeal, please forward to SHPS any additional clinical information, including hospital records, physician office notes, consulting physician office notes, and results of all related diagnostic testing (*e.g.* lab tests, imaging studies) in order to ensure that all relevant data have been reviewed as part of this determination. If further information is required, you may be asked to attend a medical consultation by the appropriate specialist.
>
> The appeal must be postmarked, faxed, or Express Mailed within 60 days of the issuance of this letter. The appeal may identify the issues and other comments or additional evidence you wish considered and any pertinent documents you may wish us to examine. Any correspondence received from you after the 60 days will not be reviewed. The appeal should be submitted to:
>
> Patti Moser, RN
> SHPS

---

[1]In her sur-reply affidavit (Docket No. 34), Klotz states, "[b]y March, 2006, due to a continuing lack of professionalism on the part of Mark Scherzer, Esq., I resumed dealing with SHPS on my own behalf in connection with the appeal. Accordingly, it was I, rather than Mr. Scherzer, who sent to SHPS the documents requested by SHPS in connection with the appeal...." (Klotz sur-reply Aff. 3.) The pages of the Administrative Record to which Klotz cites, 67-75, contain a copy of a fax cover letter, dated March 13, 2006, surgical pathology reports dated October 14 and 25, 2005, and a letter to Patti Moser, RN, from Stanley R. Tawcovick, M.D. (Docket No. 20-4 at 67-75.) None of the documents post dates Mr. Scherzer's letter of March 29, 2006.

9305 Via de Ventura
CareWise Building
Scottsdale, AZ 85258

(Docket No. 20-4 at 51.) On May 30, 2006, SHPS also faxed this letter to Scherzer, along with a cover sheet from Patricia Moser[2] that contained the following: "Patient: Klotz, Robin B – Case: 535/5683. Please see attached letter in regard to the case of Ms. Robin Klotz." (Docket No. 20-4 at 45.) SHPS received confirmation that three pages (the two page letter and one page cover sheet) were received by Scherzer's fax machine. (Lyn McMullen Aff. ¶ 5; Docket No. 20-4 at 45.)

The second May 10, 2006, letter from SHPS, consisted of one page and advised Klotz that the basis for the denial of benefits was, "Consulting physician did not concur." This letter contained no appeal information, but, instead, advised Klotz that "This decision is final and binding.… You have the right to pursue a civil action under ERISA." (Docket No. 20-4 at 55.)

Defendants allege that at all times relevant to the matter before the Court, Klotz's correct mailing address has been Robin B. Klotz, 405 East 56th Street #6-A, New York, NY 10022. (Adm. Rec. 368.) Klotz, however, claims that she did not receive either May 10 letter from SHPS. In that regard, she states that through special arrangements with her mail carrier, she has always received mail sent to her at "405 E 56 ST. 6A NEW YORK NY 10022," even after she had to abandon her apartment at that location due to a mold infestation. (Klotz Aff. ¶ 19.) She also states that she has never refused to accept mail at

---

[2]Following oral argument, the Court granted Xerox's request to file an affidavit by Patricia Moser. In the affidavit filed on April 15, 2008, Moser stated that she sent the two-page May 10, 2006, letter to Scherzer along with her cover sheet, and confirmed that his fax machine received all the pages of the transmission, which occurred on May 30, 2006.

that address, though she admits, "although my mail was held for pickup while I was out of my apartment because of mold contamination, my mail carrier advised me that when he was out for a day, or on vacation, his replacement may not have not held my mail." (Klotz Aff. ¶ 46.) SHPS counters, by referring to a patient history notation from March 3, 2006, contained in the administrative record, stating,

> I'm going to forward you the email I just received note from her atty in which he requests an emailed copy of SHPS' letter. You'll note that in the atty's email note he indicates SHPS had the correct address all along and that Ms. Klotz apparently was not accepting her mail!!! We need to keep the atty's note in the Klotz file in case there's ever litigation on this matter as it support our claim that we've sent notices to her correct address all along.

(Docket No. 20-5 at 367-68.)[3]

The LTD Plan provides for two levels of administrative appeal. (Docket No. 20-5 at 343- 44.)  Under the LTD Plan, the second (or final) administrative appeal for "Xerox LTD Appeals Based on Medical Eligibility," must be in writing and made within 60 calendar days from the date of the non-authorization letter. (Docket No. 20-5 at 343-44.) On the other hand, where the denial is non medical in nature, the summary plan description provides for a 180-day limitation for filing a second level appeal measured from the date of the original denial. Further, this type of non-medical appeal is sent to Prudential, not SHPS.

Klotz states in her affidavit that,

> SHPS denied my appeal. Two letters, one titled "Statement of Non-Authorization ... Appeal Decision Letter" (AR 0051-0052) the other titled "Statement of Non- Authorization ... Final Appeal Decision Letter" (AR 0055, cf. AR 0054) both dated May 10, 2006, appear in the Record ("Second

_____

[3]The email mentioned in the entry does not appear in the Administrative Record.

Termination Letters"). The Administrative Record[4] shows a letter faxed to Mr. Scherzer on May 30, 2006 (AR 0046), and an envelope sent by Certified Mailed to me on May 30, 2006, which was returned to SHPS (AR0053). I did not receive either of these letters, and there is no evidence in the record that SHPS made any further effort to inform me directly of the decision contained in the Second Termination Letters, as shown at AR 0020-0021.

(Klotz Aff. ¶ 55.) With regard to whether she received either of the two May 10, 2006,

denial letters, Klotz states:

Mr. Scherzer withdrew from representing me upon his receipt of the Second Termination Letter, which he appears to have attempted to send to me by e-mail on May 30, 2006 to an e-mail address which, I had informed him, I no longer used. I do not know why Mr. Scherzer did this. Thus, through no fault of mine, I did not receive the Second Termination Letter from SHPS. Redacted copies of an e-mail, dated May 30, 2006, which Mr. Scherzer sent to an old, incorrect address (RBK77777@yahoo.com) and e-mails from him, dated March 20, 2006 (*i.e.*, two months earlier), which he sent to my newer, correct email address (robinbeth928@yahoo.com) are annexed hereto as Exhibit B.

(Klotz Aff. ¶ 56.) However, Ms. Klotz' affidavit does not make clear to which of the two May

10, 2006, appeal denial letters she is referring.

## STANDARDS OF LAW

### *Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

---

[4]Neither counsel during oral argument had any authority for the blanket admission of the entire administrative record presented by Defendants on this motion. The Court's research has not revealed any case law supporting a proposition that the entirety of the administrative record in this case is *ipso facto* admissible evidence. Because of the Court's decision on the pending motion, the issue of admissibility of the administrative record will be left to another day.

as a matter of law." Fed. R. Civ. P. 56(c). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). Where the non-moving party will bear the burden of proof at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once that burden has been met, the burden then shifts to the non-moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S. Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## ANALYSIS

There is no dispute that the long term disability plan at issue in this lawsuit is covered by ERISA. Regulations promulgated under ERISA require that any employee benefit plan governed by the statute requires a reasonable claims procedure. The regulation goes on to define "reasonable" as not requiring more than two levels of administrative appeals before allowing a lawsuit under Section 502 of ERISA. 29 C.F.R. § 2560.503-1(c)(2) (Jul. 9, 2001).

The initial denial occurred in a SHPS Medical Department letter dated March 29, 2005, addressed to Klotz at 405 East 56th Street #6A, New York, NY 10022, which was titled at the top, "STATEMENT OF NON-AUTHORIZATION." The letter informs the reader that the reason for the non-authorization is, "[w]e have made several attempts to contact you without success." (Docket No. 20-4 at 89.) That letter was evidently sent by certified mail, postmarked April 1, 2005, and returned to SHPS because the forwarding order had expired. (Docket No. 20-4 at 91.) However, Klotz apparently received the initial March 8, 2005, correspondence sent by SHPS, because, on April 6, 2005, SHPS received from Klotz the "PATIENT AUTHORIZATION" form enclosed with that letter, signed by her and

dated March 10, 2005. (Docket No. 20-4 at 92.) Evidently, Defendants acknowledged the confusion caused by the March letters, and by conversations Klotz had with SHPS employees (*see* Klotz Aff.,  Docket No. 25-1 at 8-9), because they decided to permit her to file a late first appeal, which she did through her then-attorney, Mark Scherzer, on March 29, 2006. (Docket No. 20-4 at 60-64.)

In opposing summary judgment, as to the May 10 letters from SHPS, Klotz maintains:

> Whichever version of the Second Termination Letter was mailed, Ms. Klotz did not receive it, as shown by the returned Certified Mail envelope which appears at AR 0053. There is no evidence in the Administrative Record that SHPS made any further effort to inform Ms. Klotz directly of the decision contained in the Second Termination Letters. Both bear the date of May 10, 2006, but the Administrative Record shows a letter faxed to Mr. Scherzer on May 30, 2006 (AR 0046), and sent by Certified Mailed to Ms. Klotz on May 30, 2006 and returned to SHPS (AR0053).

(Klotz Mem. of Law, Docket No. 27, at 11.) However, Defendants argue that they are entitled to summary judgment because, Klotz, having received notice through her then attorney of record concerning the initial May 10, 2006, denial of her appeal, failed to timely file a second appeal as required by the LTD Plan.

The Court agrees with Defendants' and finds that delivery of the two-page May 10, 2006, denial of benefits letter to Scherzer by fax on May 30, 2006, was sufficient notice to Klotz. Accordingly, Klotz had until July 30, 2006, to submit a second appeal in order to satisfy all the administrative requirements of the disability plan. It is undisputed is that she did not do so. Although Klotz maintains that she never received the May 10, 2006, denial letter that was faxed to Scherzer, the Court rejects her argument that delivery of such letter to her attorney was insufficient to meet the requirement, "the plan administrator shall use

measures reasonably calculated to ensure actual receipt of the material by plan participants, beneficiaries and other specified individuals." 29 C.F.R. § 2520.104b-1(b).

"The relationship between a lawyer and client is one of agent and principal." *Pereira v. Sonia Holdings (In re Artha Mgmt.)*, 91 F.3d 326, 328 (2d Cir. 1996) (citation omitted). Under New York law, "[I]t is well-settled that the principal is bound by notice to or knowledge of his agent in all matters within the scope of his agency although in fact the information may never actually have been communicated to the principal." *Farr v. Newman*, 14 N.Y.2d 183, 187 (1964) (citations omitted). Here, the evidence clearly shows that Scherzer was Klotz's agent, that Scherzer was given notice of the first appeal denial, and thus the Court concludes that Klotz was bound by the notice to Scherzer, regardless of whether Scherzer successfully communicated that information to Klotz. The Court specifically finds as a matter of law that delivery of the denial letter to Klotz's attorney was a measure "reasonably calculated to ensure actual receipt" of the letter by Klotz, especially since the certified copy sent to Klotz's mailing address was returned as undeliverable.

The Court of Appeals for the Second Circuit has noted several times the existence of a "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." *Alfarone v. Bernie Wolff Constr. Corp.,* 788 F.2d 76, 79 (2d Cir. 1986) *cert. denied*, 479 U.S. 915 (1986); *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 219 (2d Cir. 2006); *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 140 (2d Cir. 2000); *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993). "Unless a 'clear and positive showing' is made that it would be futile for the claimant to pursue her claim through the internal claims process, 'that remedy must be exhausted prior to the institution of litigation.'" *Eastman Kodak*, 223 F.3d at 219 (quoting *Jones*, 223 F.3d 130 at 140 (internal

quotation marks omitted)). Here, Klotz has not shown that the second appeal would have been futile. Accordingly, the Court has no choice but to grant Defendants' motion.

## CONCLUSION

Defendants have proven their entitlement to judgment by evidentiary proof in admissible form, and Plaintiff has failed to raise material issues of fact precluding the Court from granting Defendant's motion. Accordingly, Defendant's application (Docket No. 20-1) for summary judgment is granted. The Clerk is directed to enter judgment for Defendant and close this case.

IT IS SO ORDERED.

Dated:   May 28, 2008
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge